C O P Y

Honorable E. H. Griffin
County Attorney
Young County
Graham, Texas

Dear Sir:                         Opinion No. O-3160
                                  Re: Fees of county judge and county
                                      attorney under facts stated.

        Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

        "On January 1, 1941, all county and pre-
    cinct officials in Young County, Texas, were
    placed by the Commissioners' Court on a fee
    basis. Prior theretof, they had been compen-
    sated on a salary basis. The following ques-
    tion has arisen with reference to the County
    Judge's trial fee as prescribed by Article
    1052, as amended, C. C. P., and as to the
    $10.00 fee due the County Attorney under Arti-
    cle 1061, C. C. P., and the $5.00 fee due the
    County Attorney by virtue of Article 1068,
    C. C. P., in the following fact situation:

        "A case is filed in the County Court of
    Young County, Texas, December 15, 1940. The
    defendant is arrested, makes bond, and on
    January 15, 1941, comes in the County Court
    and enters a plea of guilty. Under those
    facts, is the present County Judge entitled
    to a $3.00 trial fee under Article 1052,
    C. C. P.; and is the present County Attorney
    entitled to a fee of $10.00 under the provi-
    sions of Article 1061, C. C. P.?"

        The population of Young County, Texas, according
to the 1940 Federal Census is less than 20,000 inhabitants.

We assume from your letter that a judgment was rendered upon the plea of guilty, was not appealed from and became a final judgment.

Article 1052, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"Three Dollars shall be paid by the county to the County Judge, or Judge of the Court at Law, and Two Dollars and fifty cents shall be paid by the county to the Justice of the Peace, for each criminal action tried and finally disposed of before him. Provided, however, that in all counties haveing a population of 20,000 or less, the Justice of the Peace shall receive a trial fee of Three Dollars. Such Judge or Justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by such Judge or Justice to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Provided the Commissioners' Court shall not pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Article 1061, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"District and county attorneys shall be allowed the following fees in cases tried in the district or county courts, or a county

Honorable E. H. Griffin, Page 3

court at law, to be taxed against the defen-
dant:

"For every conviction under the laws
against gaming when no appeal is taken, or
when, on appeal, the judgment is affirmed,
fifteen dollars.

"For every other conviction in cases
of misdemeanor, where no appeal is taken,
or when on appeal the judgment is affirmed,
ten dollars."

It is our opinion that under the facts stated
and upon the assumption that the judgment was final the
present county attorney would be entitled to a fee of
$10.00 and the present county judge would be entitled to
a fee of $3.00.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    s/   Wm. J. Fanning
                Assistant

WJF:GO

APPROVED FEB 21,1941

APPROVED: OPINION COMMITTEE

s/ Gerald C. Mann

By      BWB      Chairman

ATTORNEY GENERAL OF TEXAS